IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-42-BO

| | |
|---|---|
| WAN WANG CASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CLIFFORD KEVIN CASE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Clifford Kevin Case's motion to compel [DE-18] and motion to extend deadlines [DE-20]. Plaintiff Wan Wang Case, proceeding pro se, did not respond to the motions, and the time to do so has expired. For the reasons that follow, the motion to compel is allowed in part and denied in part, and the motion to extend deadlines is allowed.

## I. BACKGROUND

Plaintiff, a citizen of China residing in Wake County, North Carolina and Defendant, a citizen and resident of Wake County, North Carolina, were married on March 26, 2018 and separated on November 19, 2018. Compl. [DE-1-1] ¶¶ 1–3. Plaintiff alleges that she is a sponsored alien under 8 U.S.C. §§ 1101(a)(3) and 1183a(e), and Defendant is a sponsor under 8 U.S.C. § 1183a(f). *Id.* ¶¶ 6–7. As a result, Plaintiff contends Defendant owed her a duty of support, in an amount necessary to maintain Plaintiff at an annual income that is at least 125% of the federal poverty level annual guideline for a household of one, beginning on October 18, 2018, the date on which Plaintiff received lawful permanent resident status. *Id.* ¶¶ 10, 16. Plaintiff further alleges that Defendant failed to fulfill his duty to provide her with the necessary financial support and that

she does not have the means to maintain that level of income. *Id.* ¶¶ 17–21. Plaintiff alleges breach of contract and seeks specific performance, costs and attorney's fees, and compensatory damages. *Id.*

The complaint was filed in Wake County Superior Court and subsequently removed to this court. [DE-1]. The court's April 10, 2020 Scheduling Order set a discovery deadline of September 25, 2020 and a motions deadline of November 23, 2020. [DE-16]. On April 27, 2020, Defendant served Plaintiff with a First Set of Interrogatories and Requests for Production of Documents. [DE-19-1]. Plaintiff served responses on May 27, [DE-19-2], but Defendant found the responses to be deficient and sent Plaintiff a letter on June 4 outlining the perceived deficiencies and requesting supplementation, [DE-19-3]. Plaintiff supplemented her responses on June 19. [DE-19-4]. On July 7, Defendant served Plaintiff with a Second Set of Interrogatories and Requests for Production of Documents. [DE-19-5]. Plaintiff responded on August 6, [DE-19-6], but Defendant found the responses to be deficient and sent Plaintiff a letter on August 27, outlining the perceived deficiencies and requesting supplementation, [DE-19-7]. Plaintiff supplemented her responses on September 22, [DE-19-9], but produced no additional documents. Finding Plaintiff's responses to still be incomplete, on September 24, Defendant filed the instant motion to compel [DE-18] and motion for extension of case deadlines [DE-20]. According to the motion, Defendant's counsel attempted to resolve the discovery dispute prior to filing the motion through supplementation requests to Plaintiff. [DE-18] at 3.

## II. DISCUSSION

### A. Motion to Compel [DE-18]

Rule 26 provides the general rule regarding the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

2

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding

3

to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

Defendant seeks to compel Plaintiff to produce information and documents regarding her finances and immigration status requested in Interrogatory Nos. 3 and 12 and Requests for Production Nos. 1, 2, 10, 11, and 12 from the First Set of Interrogatories and Requests for Production of Documents and Requests for Production Nos. 2, 4, 7, 8, 9, 10, and 11 from the Second Set of Interrogatories and Requests for Production of Documents.

### 1. Financial Accounts and Statements

Defendant contends Plaintiff has not produced all relevant information and documents regarding her financial accounts and statements in response to Interrogatory No. 12 and Requests for Production No. 2 from the first set of discovery requests and Requests for Production Nos. 4, 7, and 8 from the second set of discovery requests.

> **Interrog. 12 (1st Set):** Identify every bank account, wherever located, in which you have funds and/or to which you have access. For each account identified, state the balance of the account.
>
> **Response:** State Employee Credit Union: $288 (as of 05/24/2020)
>
> **Suppl. Response:** Plaintiff has funds or open access to account as follow are provided: SECU, CHASE FREEDOM, CHASE SAFFIRE.
>
> **RFP 2 (1st Set):** Produce every document to which you referred when responding to Defendant's First Set of Interrogatories.
>
> **Response:** 1-797, I-130, I-485, I-751; Amazon seller payment records; Inventory cost are attached.
>
> **RFP 4 (2d Set):** Produce all relevant documents relating to any instances of travel that you were required to identify in response to Interrogatory 1, including but not limited to copies of plane tickets, passport stamps, receipts for plane tickets.
>
> **Response:** Passport stamps included in passport pages provided.

**RFP 7 (2d Set):** Produce from January 1, 2015 to present all account statements, financial statements, records of deposits, withdrawals and receipts, and any other related records to every bank account to which you have access, including accounts in the name of any business that you operate and including any accounts located outside of the United States.

**Response:** I object to this request as in bank statements before I obtain my Green Card are none-related to my claim for support enforcement. The ground for 1-864 support is the Plaintiff's taxable income falls below the poverty line after the Plaintiff obtains permanent residence. As an alternative, such records after I obtain my Green Card (10/18/2018) to which I have access are provided.

**Suppl. Response:**[1] Plaintiff has provided bank accounts statement and transfers to which she has access, Statements from SECU from OCT 2018-DEC2018 cannot be provided because of the loss of access to that period and before.

Wire transfers with the name Wan Wang were from Plaintiff's Alipay app account which used to receive money in Chinese currency.

$2,000 of repayment to Wei Miao was promised with text record.

**RFP 8 (2d Set):** Produce from January 1, 2015 to present all account statements, financial statements, records of purchases, payment records, and other related records to every credit card to which you have access, including credit cards issued in your name and credit cards issued in the name of any business that you operate, including credit cards issued by financial institutions outside of the United States.

**Response:** I object to this request as in bank statements before I obtain my Green Card are none-related to my claim for support enforcement. The ground for 1-864 support is the Plaintiff's taxable income falls below the poverty line after the Plaintiff obtains permanent residence. As an alternative, such records after I obtain my Green Card (10/18/2018) to which I have access are provided.

[DE-19-1] at 10, 12; [DE-19-2] at 5, 7; [DE-19-5] at 8–10; [19-6] at 4–5; [DE-19-9] at 3–4.

Defendant first contends Plaintiff has not produced any financial records prior to January 2019 even though Defendant requested documents from January 2015 to present, and Plaintiff's responses regarding her finances reveal discrepancies between her claimed income and expenditures and what actually appears on the financial account statements. Def.'s Mem. [DE-19]

---

[1] Plaintiff indicates this response supplements RFP No. 4, but it appears responsive to RFP No. 7 (2d Set).

at 5–7. Defendant asks the court to require Plaintiff to produce all of her account statements, financial statements, records of deposits, withdrawals, and receipts to every financial account to which she has or has had access since January 1, 2015, including records reflecting her purchase and receipt of plane tickets, and to identify every financial account to which she has access. *Id.* Plaintiff in her responses contends that documents prior to October 18, 2018, when she obtained her green card, are not relevant to her claim for support enforcement and that she has provided all other records to which she has access. [DE-19-6] at 4–5; [DE-19-9] at 3–4.

Plaintiff's responses include references to accounts and financial transactions for which she has failed to provide the requested documentation. For example, Plaintiff references an Alipay account in her name but has not provided any statements for that account, and Plaintiff referenced trips between the United States and China but failed to provide any documentation such as account statements or receipts reflecting the purchase. Plaintiff's income and ability to earn income are relevant to the issue of damages and her account statements and other requested financial documentation are evidence of her spending and sources of income. However, Defendant has failed to demonstrate how records prior to 2018 are relevant.

Defendant's first set of discovery requests sought tax returns from 2018, 2019, and 2020, documents reflecting wages and income from January 1, 2018 to present, and documents related to loans and payments from Defendant received since October 18, 2018. [DE-19-1]. Defendant's second set of discovery requests sought information and documents from a much earlier time, since January 1, 2015, related to Plaintiff's international travel, finances, and immigration status. [DE-19-5]. Plaintiff specifically objected that documents prior to October 18, 2018 were not relevant, [19-6] at 4–5; [DE-19-9] at 3–4, and Defendant has not sufficiently explained the relevance of

6

financial documents dating back to January 1, 2015, nearly four years prior to when Plaintiff alleges Defendant's support obligation arose.

Finally, Plaintiff must make a good faith effort to obtain and produce documents that are in her possession, custody, or control. Fed. R. Civ. P. 34(a). "Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, control, or the legal right to obtain the documents on demand." *Prodigious Ventures, Inc. v. YBE Hosp. Grp., LLC*, No. 5:14-CV-433-F, 2016 WL 1248806, at *4 (E.D.N.C. Mar. 25, 2016) (citing *Suntrust Mortg., Inc. v. Busby*, No. 2:09-CV-10, 2009 WL 5511215, at *1 (W.D.N.C. Dec. 18, 2009)). Accordingly, Plaintiff shall produce all of her account statements, financial statements, records of deposits, withdrawals, and receipts to every financial account to which she has or has had access since January 1, 2018, including records reflecting her purchase and receipt of plane tickets, and identify every financial account to which she has access by no later than **December 23, 2020.**

### 2. Tax Filings

Defendant contends Plaintiff has not produced all tax returns and related tax filings in response to Requests for Production Nos. 10 through 12 from the first set of discovery requests and Requests for Production No. 9 from the second set of discovery requests.

**RFP 10 (1st Set):** Produce your federal and state income tax returns for tax years 2018, 2019, and 2020.

**Response:** 2018 provided, 2019 not being filed at this point and 2020 is for the year of 2021 to file.

**Suppl. Response:** 2018 Tax return is attached to this letter.

**RFP 11 (1st Set):** Produce any W-2's, pay stubs, or wage records reflecting your wages since January 1, 2018.

**Response:** 2018 Tax Form is attached.

7

**RFP 12 (1ˢᵗ Set):** Produce all documents reflecting Income to you from January 1, 2018 to present.

**Response:** 2018 Tax Form, Amazon payment records, inventory purchase receipts, Loan promissory notes.
Above are attached.

**Suppl. Response:** 2018 Tax return is attached to this letter.

**RFP 9 (2d Set):** Produce every document that has ever been filed with, submitted online to, or otherwise sent to the United States Internal Revenue Service or the Internal Revenue Service of any state, including the North Carolina Department of Revenue, by you or on your behalf since January 1, 2015.

**Response:** Provided

**Supplemental Response:** Objection to this request. Plaintiff held J-1 visa which was exempt from Tax for year 2015, 2016, and 2017. The time period during which Plaintiff is eligible for I-864 support is in year 2018, other time is non related and before 2015 Plaintiff is not even physically in U.S.
2018 Tax form was provided.
Tax for 2019 has been claimed under non-filers.

[DE-19-1] at 14; [DE-19-2] at 9; [DE-19-4] at 2; [DE-19-5] at 10; [DE-19-6] at 6; [DE-19-9] at 4.

Defendant contends Plaintiff failed to produce tax returns and related tax filings from 2015, 2016, 2017, or 2019 and that to the extent she claims exemption due to her J-1 visa or other status, she has not produced documents substantiating that status or filings with the department of revenue reflecting her alleged exempt status. Def.'s Mem. [DE-19] at 7–8. As with the request for financial documents, Plaintiff objected that tax documents other than from 2018 are not relevant, and Defendant has failed to sufficiently demonstrate the relevance. However, the court finds Plaintiff's tax returns and any documents, including documents related to claiming an exemption, filed with the IRS, federal or state, including the North Carolina Department of Revenue, from 2018, 2019,

8

and 2020[2] are relevant, and Plaintiff shall produce those documents by no later than **December 23, 2020.**

### 3. Immigration Related Documents

Defendant contends Plaintiff has withheld responsive documents relating to her immigration status in the United States in response to Interrogatory No. 3 and Requests for Production No. 1 from the first set of discovery requests and Requests for Production Nos. 10 and 11 from the second set of discovery requests.

> **Interrog. 3 (1st Set):** Describe in detail Plaintiff's current immigration and/or residency status in the United States, including whether such status is permanent or temporary. Identify any documents or other evidence which supports your answer.
>
> **Response:** PERMANENT RESIDENCE WITH 2-YEAR CONDITIONAL GREEN CARD, PLUS 18 MONTHS OF EXTENSION ON TOP OF THE EXPIRATION DATE ON THE GREEN CARD WITH 10-YEAR GREEN CARD PENDING AT THIS MOMENT
>
> Documents that support my answer: Copy of Green Card and Form 1-797
>
> **Suppl. Response:** I object that I-360 is called Petition for Amerasian, Widow(er), or Special Immigrant, I do not believe I was subject to filing this form.
>
> Form I-751 was attached with this letter, Supporting documents are my Green Card copy and marriage certificate
>
> **2d Suppl. Response:** Objection to this request. Plaintiff (Wan Wang Case) or her legal representative has never filed Form-360 thus is not able to provide this form. Any form that were filed is in possession of USCIS which was protected from Plaintiff's sponsor for protection of the victim (Plaintiff)
>
> **RFP 1 (1st Set):** Produce every document required to be identified in your responses to Defendant's First Set of Interrogatories.
>
> **Response:**  (1) Copy of Green Card;
> (2) DS-2019
> (3) H1B Visa Page

---

[2] Plaintiff indicated her 2020 tax return is not due to be filed until 2021, and Plaintiff is reminded of her ongoing obligation under Fed. R. Civ. P. 26(e) to supplement her responses.

    (4) Promissory notes of loan
    (5) I-864

  Above documents are attached

**RFP 10 (2d Set):** Produce every document that has ever been filed with the United States Department of Homeland Security or any office of the Department of Homeland Security by you
or on your behalf since January 1, 2015, including but not limited to forms I-751 and I-360. Offices within the Department of Homeland Security include, but are not limited to, the following:

  a. Office of Citizenship & Immigration Services
  b. U.S. Citizenship & Immigration Services
  c. U.S. Customs & Border Protection
  d. U.S. Immigration & Customs Enforcement
  e. Transportation Security Administration

**Response:** I object to this request as in I-751 was provided to Defendant with FIRST SET OF REQUEST OF DOCUMENTATION, and I-360 is not applied.

**Suppl. Response:** Objection to this request. Plaintiff (Wan Wang Case) or her legal representative has never filed Form-360 thus is not able to provide this form. Form 539 does not exist to plaintiff's knowledge.

**RFP 11 (2d Set):** Produce any recorded communication (including a transcript of any oral communication) between you and any of the government agencies/offices listed in Request for Production 10 above, including recorded communications between you and any individual acting on behalf of any of those government agencies/offices.

**Response:** I object to this request as in there is none to provide.

[DE-19-1] at 7, 12; [DE-19-2] at 2, 7; [DE-19-4] at 1; [DE-19-5] at 11; [DE-19-6] at 6; [DE-19-9] at 3–4.

  Defendants contend Plaintiff produced a Form I-751 "Petition to Remove Conditions on Residence" alleging abuse but did not provide supporting documents that were submitted in connection with the Form I-751 and related allegations, such as police reports, court filings, medical records, photographs, witness statements, and other evidence documenting the alleged abuse, or documents regarding a ruling on the Form I-751 petition. Def.'s Mem. [DE-19] at 8. In

10

her first supplemental response, Plaintiff indicated that "Form I-751 was attached with this letter, Supporting documents are my Green Card copy and marriage certificate," [DE-19-4] at 1. In her response to the second set of discovery requests, Plaintiff indicated that "I-751 was provided to Defendant with FIRST SET OF REQUEST OF DOCUMENTATION," [DE-19-6] at 6, and after Defendant informed Plaintiff he was also seeking documents filed in support of the I-751, Plaintiff objected and stated that "Any form that were filed is in possession of USCIS which was protected from Plaintiff's sponsor for protection of the victim (Plaintiff)," [DE19-9] at 3.

The stated purpose of Form I-751 is as follows: "This petition is used by a conditional resident who obtained status through marriage, to request that U.S. Citizenship and Immigration Services (USCIS) remove the conditions on his or her residence." Instructions to Petition to Remove Conditions on Residence, USCIS Form I-751, OMB No. 1615-0038, Expires 12/31/2019, https://www.uscis.gov/sites/default/files/document/forms/i-751instr.pdf. Defendant asserts that Plaintiff's immigration status is relevant and discoverable because Plaintiff alleges that Defendant's support obligation began when she became a lawful permanent resident in the United States. Def.'s Mem. [DE-19] at 8. However, it is unclear how the supporting documentation to the Form I-751 Defendant seeks such as police reports, court filings, medical records, photographs, witness statements, and other evidence documenting Defendant's alleged abuse of Plaintiff bears on Plaintiff's status as a lawful permanent resident or Defendant's alleged duty of support. Accordingly, this request is denied.

### 4. Request for Attorney's Fees

Defendant requests an award of attorney's fees associated with the motion. Def.'s Mem. [DE-19] at 9. The moving party must, absent certain specified circumstances, be awarded expenses when a motion to compel discovery is granted.

11

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, the moving party attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules. *See Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010) (citing *Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D. W.Va. 2003)).

Here, the court finds that Plaintiff's objections were substantially justified and the circumstances would make an award of expenses unjust, so she is not required to pay fees associated with the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n.2 (1988)). Plaintiff reasonably argued that the temporal scope of Defendant's requests was too broad and that certain documents supporting the Form I-751 were not relevant.

12

Accordingly, the court declines to order Plaintiff to pay Defendant's fees associated with bringing this motion.

**B.     Motion to Extend Deadlines [DE-20]**

Defendant seeks an order extending the discovery and dispositive motions deadlines, which have passed since the filing of the motion. [DE-20]. Although Plaintiff opposes the motion, the court finds good cause to allow it in order for Plaintiff to comply with this order. Accordingly, the deadline to complete discovery is extended to **January 22, 2021**, and the deadline to file dispositive motions is extended to **February 22, 2021.**

SO ORDERED, the 2nd day of December, 2020.

_____
Robert B. Jones, Jr.
United States Magistrate Judge