IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-42-BO

| | | |
|---|---|---|
| WAN WANG CASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLIFFORD KEVIN CASE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Clifford Kevin Case's motion for sanctions, [DE-24], and the court's March 15, 2021 show cause order, [DE-28]. Plaintiff Wan Wang Case, proceeding pro se, responded to the show cause order, [DE-29], Defendant replied, [DE-31], and the court held a hearing via videoconference on May 13, 2021. For the reasons that follow, the motion for sanctions is denied.

**I.  Background**

Plaintiff, a citizen of China residing in Wake County, North Carolina and Defendant, a citizen and resident of Wake County, North Carolina, were married on March 26, 2018 and separated on November 19, 2018. Compl. [DE-1-1] ¶¶ 1–3. Plaintiff alleges that she is a sponsored alien under 8 U.S.C. §§ 1101(a)(3) and 1183a(e), and Defendant is a sponsor under 8 U.S.C. § 1183a(f). *Id.* ¶¶ 6–7. As a result, Plaintiff contends Defendant owes her a duty of support in an amount necessary to maintain Plaintiff at an annual income that is at least 125% of the federal poverty level annual guideline for a household of one, beginning on October 18, 2018, the date on which Plaintiff received lawful permanent resident status. *Id.* ¶¶ 10, 16. Plaintiff further alleges that Defendant failed to fulfill his duty to provide her with the necessary financial support and that

she does not have the means to maintain that level of income. *Id.* ¶¶ 17–21. Plaintiff alleges breach of contract and seeks specific performance, costs and attorney's fees, and compensatory damages. *Id.*

On April 27, 2020, Defendant served Plaintiff with a First Set of Interrogatories and Requests for Production of Documents. [DE-19-1]. Plaintiff served responses on May 27, [DE-19-2], but Defendant found the responses to be deficient, and Plaintiff supplemented her responses on June 19. [DE-19-4]. On July 7, Defendant served Plaintiff with a Second Set of Interrogatories and Requests for Production of Documents. [DE-19-5]. Plaintiff responded on August 6, [DE-19-6], but Defendant found the responses to be deficient, and Plaintiff supplemented her responses on September 22, [DE-19-9], but produced no additional documents. Finding Plaintiff's responses to still be incomplete, on September 24, Defendant filed a motion to compel. [DE-18]. The court allowed the motion in part and ordered Plaintiff to produce all of her account statements, financial statements, records of deposits, withdrawals, and receipts to every financial account to which she has or has had access since January 1, 2018; to identify every financial account to which she has access; and to produce tax returns and any documents, including documents related to claiming an exemption, filed with the IRS, federal or state, including the North Carolina Department of Revenue, from 2018, 2019, and 2020. [DE-21] at 7–9. Plaintiff further supplemented her discovery responses, but Defendant contended the responses remained deficient and, after Plaintiff refused to provide additional documents, Defendant filed the instant motion for sanctions, [DE-24].

On March 15, 2021, the court ordered Plaintiff to supplement her discovery responses and to show cause in writing for her failure to fully comply with the court's discovery order and why she should not be sanctioned. [DE-28]. Plaintiff in response to the court's order supplemented

her document production and explained in writing what she had done to attempt to comply with the court's discovery order and why she should not be sanctioned. [DE-29]. In further support of the motion for sanctions, Defendant filed a reply outlining two significant deficiencies with Plaintiff's responses to discovery, as supplemented: first, that Plaintiff still had not produced all responsive account statements; and second, that through third-party subpoenas, Defendant found at least two bank accounts Plaintiff failed to disclose. [DE-31]. Defendant asks the court to sanction Plaintiff by dismissing her complaint or, alternatively, to judicially establish that all the money Plaintiff deposited in any undisclosed account is income to her that reduces Defendant's support obligation. *Id.* at 6–10. Defendant also seeks an award of reasonable costs and fees associated with the motion. *Id.* at 10.

## II. Discussion

Under Rule 37(b)(2)(A), if a party fails to comply with an order to provide discovery, the court may issue further orders, including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). "A district court has wide discretion under Rule 37(b)(2) . . . to impose sanctions for failure to comply with discovery orders." *Jackson v. Vance Cnty.*, No.

3

5:97-CV-103-BO, 1997 WL 906015, at *1 (E.D.N.C. Nov. 26, 1997) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)); *King v. CMH Homes, Inc.*, 5:16-CV-693-D, 2017 WL 3037479, at *2 (E.D.N.C. June 21, 2017), *adopted*, 2017 3034269 (E.D.N.C. July 17, 2017). The court must consider the following four factors before imposing the ultimate sanction of dismissal: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Carter v. Univ. of W. Va. Sys., Bd. of Trs.*, 23 F.3d 400 (4th Cir. 1994). "While the district court clearly has the authority to dismiss complaints, . . . this authority should be exercised with restraint and '[a]gainst the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.'" *Id.* (citations omitted). "Only the most flagrant cases, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Jackson*, 1997 WL 906015, at *1 (quoting *Mut. Fed.*, 872 F.2d at 92). Further, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The court finds that Plaintiff's noncompliance was not the result of bad faith or a callous disregard for the rules of the court and that dismissal or an alternative sanction is not appropriate. Plaintiff is proceeding pro se and explained at the hearing that English is not her first language and she does not have a full understanding of legal terms and concepts. Plaintiff has responded to all of Defendant's discovery requests and supplemented her responses when asked, and there is no drawn out history of Plaintiff proceeding in a dilatory fashion. Plaintiff also provided additional

4

supplementation in response to the court's order on the motion to compel and order to show cause. Plaintiff stated that the court's orders made clearer her obligations and precisely what she needed to produce in response to the discovery requests. For example, with respect to the missing financial account statements, Plaintiff initially produced only what she had in her possession or was able to access from her online accounts for the accounts she was using at that time. However, in response to the court's show cause order explaining that she must produce documents she has the legal right to obtain and that she may be able to request the documents not accessible through her online accounts, Plaintiff did obtain additional responsive documents and provided a credible explanation in her response to the show cause order, [DE-29] at 2–5, and at the hearing regarding the unavailability of some of the documents.

Plaintiff also conceded at the hearing that she had not disclosed a checking account with Chase Bank but explained that she did not understand the need to disclose it because it was opened to deposit approximately $20,000.00 in loan funds received from her mother and friends, and those loans had been disclosed to Defendant. Plaintiff should have disclosed the account. However, it appears that her failure to do so was due to a lack of understanding rather than an effort to conceal assets in bad faith. Plaintiff also explained at the hearing that a PNC Bank account Defendant believed was her account was actually her mother's account that she used to pay rent and some credit card bills. To the extent Defendant has unanswered questions regarding Plaintiff's discovery responses, Defendant can explore those issues at a deposition.

While it took more effort to obtain discovery from Plaintiff, proceeding pro se, than it perhaps would have in a counseled case, Defendant has not been prejudiced such that dismissal is warranted. The type of egregious conduct for which the court has dismissed cases is not present in this case. *See, e.g., Barnwell v. Foot Locker Retail, Inc.*, No. 5:16-CV-694-BO, 2019 WL

5

2385897, at *1 (E.D.N.C. June 5, 2019) (dismissing case as a sanction where the plaintiff demonstrated bad faith by failing to provide any discovery responses by the deadline and failing to produce documents in response to a court order); *Barclift v. Sentara Reg'l Med. Ctr., LLC*, No. 2:17-CV-00008-D, 2018 WL 1721947, at *1 (E.D.N.C. Mar. 20, 2018) (recommending dismissal as a sanction where the plaintiff abandoned his case; neither served initial disclosures as required by the court's scheduling order nor responded to the defendant's discovery requests, despite a court order requiring him to do so; and ignored many opportunities to appear and to pursue his claim, despite several warnings that failing to do so could result in the imposition of severe sanctions), *report and recommendation adopted sub nom. Barclift v. Sentara Senatra Reg'l Med. Ctr., LLC.*, 2018 WL 1720760 (E.D.N.C. Apr. 9, 2018). The court finds that sanctions are not warranted against Plaintiff and also denies Defendant's request for reasonable costs and fees associated with the motion where circumstances make an award of expenses unjust, Fed. R. Civ. P. 37(b)(2)(C).

Finally, discovery closed in this case on May 4, 2021, but at the hearing it was noted that the parties are still in fact working to conclude discovery. Accordingly, the discovery deadline is extended to **June 15, 2021**, and potentially dispositive motions shall be filed no later than **August 2, 2021**.

SO ORDERED, the 19 day of March 2021.

Robert B. Jones, Jr.
United States Magistrate Judge