IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-cv-42

| | |
|---|---|
| WAN WANG CASE, | |
| Plaintiff | **AMENDED ANSWER** |
| v. | |
| CLIFFORD KEVIN CASE, | |
| Defendant. | |

Defendant Clifford Case ("Defendant") files this Amended Answer with the consent of the Plaintiff pursuant to Federal Rule of Civil Procedure 15(a)(2). To the extent that any allegation in Plaintiff's Complaint is not admitted, modified, or explained herein, it is denied.

## FIRST DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

4. Defendant realleges his answer to paragraphs 1 through 3.

5. Admitted only that Plaintiff signed a Form I-864 at Plaintiff's behest, the terms of which speak for themselves. Otherwise denied.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

7. The allegations in paragraph 7 are legal conclusions to which no response is required.

8. Admitted.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied for lack of information or belief.

10. The allegations in paragraph 10 are legal conclusions to which no response is required.

11. It is admitted that Plaintiff earned income from employment as a teacher at Torchlight Academy and from an online retail business. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations regarding the exact amount of plaintiff's income from Torchlight Academy or the exact amount of plaintiff's income and/or losses the online retail business.

12. The document attached to the Complaint as Exhibit A is the best evidence of its contents. Admitted that Plaintiff has received money from various family members and/or friends. Otherwise denied.

13. It is admitted that Plaintiff receives income from an online retail business. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 13 regarding the exact amount of Plaintiff's income and/or losses the online retail business.

14. It is denied that Plaintiff "had to take out various loans from friends and family members." It is admitted that Plaintiff has received money from various family members and/or friends. The documents attached to the Complaint as Exhibits B, C, D, E, and F are the best evidence of their contents. Defendant lacks sufficient information to form a belief as to the truth

or falsity of the allegations regarding the exact amount of Plaintiff's income. Except as expressly admitted herein, the allegations of paragraph 14 and all subparts thereof are denied.

15. Denied.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied for lack of information or belief.

17. Denied.

18. Denied. It is admitted that Defendant is the primary caregiver of Defendant's son.

19. Denied.

20. Denied.

21. The allegation in paragraph 21 that Defendant has "contractual duties pursuant to the terms of the Form I-864" is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied. It is denied that Plaintiff does not maintain an annual income of at least 125% of the federal poverty level annual guidelines for a household of one (1). Except as expressly admitted, the remaining allegations in paragraph 21 are denied.

22. Denied.

## SECOND CLAIM FOR RELIEF
## SPECIFIC PERFORMANCE

23. Defendant realleges his answer to paragraphs 1 through 22.

24. Denied.

25. Denied.

26. Denied.

## THIRD CLAIM FOR RELIEF
## COSTS AND ATTORNEYS' FEES

27. Defendant realleges his answer to paragraphs 1 through 26.

28. Defendant states that the United States Code provisions referenced in paragraph 28 speak for themselves and are the best evidence of their contents. It is denied that Plaintiff is entitled to recover costs or attorneys' fees from Defendant.

29. Denied.

## **SECOND DEFENSE**

Plaintiff's contractual claims are barred or reduced to the extent that Plaintiff failed to mitigate her alleged damages.

## **THIRD DEFENSE**

To the extent that Plaintiff does have a valid, enforceable contract with Defendant that required Defendant to provide support to Plaintiff necessary for her to maintain an annual income of at least 125% of the federal poverty level annual guidelines for a household of one—which allegation is expressly denied and pleaded solely for the purpose of this defense—Defendant is entitled to a set-off of any alleged obligation in the amount of Plaintiff's other available income, including but not limited to support that Defendant has provided Plaintiff and/or that Plaintiff has taken from Defendant.

The Defendant asks the Court for the following relief:

1.  That Plaintiff have and recover nothing from Defendant;

2.  That the costs of this action be taxed to Plaintiff;

3.  That the Court order any other such further relief as it deems just and proper.

Date: September 17, 2021.

                            YOUNG MOORE AND HENDERSON, P.A.

                            BY:   /s/ Robert C. deRosset
                                   ROBERT C. deROSSET
                                   N.C. State Bar No.: 27656
                                   MATTHEW C. BURKE
                                   N.C. State Bar No.: 52053
                                   3101 Glenwood Avenue, Suite 200
                                   Raleigh, NC 27612
                                   Ph: 919-782-6860
                                   Fax: 919-782-6753
                                   Email: Bob.deRosset@youngmoorelaw.com
                                   Email: matthew.burke@youngmoorelaw.com
                                   *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that on September 17, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and which will send notification of such filing to the following:

Greg McLawsen
Washington State Bar. No. 41870
Sound Immigration
113 Cherry St. ECM# 45921
Seattle, WA 98104-2205
1-855-809-5115
greg@soundimmigration.com
*Attorney for Wan Wang Case*

Valeria Cesanelli
N.C. Bar No. 45735
Morgan & Cesanelli Law
209 Lloyd St., Suite 120
Carrboro, NC 27510
1-919-923-1577
valeria@morgancesanelli.com
*Local Civil Rule 83.1(d) Counsel for Wan Wang Case*

        YOUNG MOORE AND HENDERSON, P.A.

BY:   /s/ Robert C. deRosset
       ROBERT C. deROSSET
       N.C. State Bar No.: 27656
       MATTHEW C. BURKE
       N.C. State Bar No.: 52053
       3101 Glenwood Avenue, Suite 200
       Raleigh, NC 27612
       Ph: 919-782-6860
       Fax: 919-782-6753
       Email: Bob.deRosset@youngmoorelaw.com
       Email: matthew.burke@youngmoorelaw.com
       *Attorneys for Defendant*