IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-42-BO

| | | |
|---|---|---|
| WAN WANG CASE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLIFFORD KEVIN CASE, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on plaintiff's motion to dismiss this action without prejudice and defendant's motion to enforce a settlement agreement. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons that follow, plaintiff's motion is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff instituted this action against her former spouse seeking to enforce the financial support duty set forth in the U.S. Citizenship and Immigration Services Form I-864, Affidavit of Support under Section 213A of the Immigration of Nationality Act. The case proceeded through discovery and dispositive motions were filed. However, prior to a ruling on the dispositive motions, the parties notified the Court that they had settled all matters in controversy between them as a part of divorce proceedings in state court, resulting in a global settlement agreement. The dispositive motions were denied without prejudice and the parties were instructed to file a stipulation of dismissal of this action within sixty days of the Court's order. Prior to the expiration of the sixty-day period, the parties filed the instant motions.

Plaintiff seeks a dismissal of this action without prejudice, as the terms of the underlying settlement agreement require defendant to maintain compliance with a payment schedule for a full

three years. Plaintiff asserts that she has been made aware by a third party that defendant has a strategic plan by which he would seek to strip plaintiff of effective mechanisms to enforce the settlement agreement. In other words, if this case is dismissed with prejudice, plaintiff contends she would be left with only an ineffective contempt order from the family court should defendant stop making his agreed upon payments.

Defendant contests this assertion, and argues that, in any event, the parties are now both bound by the settlement agreement executed in state court. Defendant contends that the settlement agreement resolves this litigation through a binding agreement which contemplates a permanent dismissal of this action. Accordingly, defendant asks the Court to enforce the settlement agreement and dismiss this matter with prejudice.

## DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to seek dismissal on the "terms that the court considers proper." A Rule 41(a)(2) dismissal is without prejudice unless ordered otherwise. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). A court must primarily consider the interests of the defendant, but there is no prejudice to a defendant based upon the prospect of a second lawsuit. *Id.* at 1273-74.

A district court also has inherent authority to enforce a settlement agreement if the court finds that the parties reached a complete settlement and the court can determine the agreement's terms and conditions. *Hensley v. Alcon Labs.*, 277 F.3d 535, 540–41 (4th Cir. 2002) (citation omitted). A motion to enforce settlement agreement "draws on standard contract principles." *Id.* at 540. Under contract law, a valid and enforceable contract exists when there is a meeting of the minds of the contracting parties upon all essential terms and conditions of the contract. *Apple Tree*

2

*Ridge Neighborhood Ass'n v. Grandfather Mountain Heights Prop. Owners Corp.*, 206 N.C. App. 278, 282 (2010).

Defendant relies on two settlement orders entered in state court as grounds for his motion to enforce the settlement agreement. The first, referred to as the February Consent Order, indicates that the "parties have agreed to enter a global settlement of the Federal Immigration support case." [DE 58-1]. The February Consent Order goes on to state that defendant shall pay plaintiff a certain sum "at the time of execution of a formal Order on Custody and Child Support and execution of either a consent judgment or voluntary dismissal of the Immigration case." *Id.* As it was signed by a state court judge, the terms of the February Consent Order are enforceable by that court's contempt powers.

The April Consent Order, signed by the parties and their attorneys on April 6, 2022, is a permanent custody and permanent child support order. [DE 64-1]. The April Consent Order both further details the agreement of the parties with respect to custody and formalizes the terms of the February Consent Order. The April Consent Order provides that certain arrears and fees are waived "pursuant to permanent dismissal of [the] federal immigration case # 5:20-CV-42-BO." *Id.* ¶ 16. It also specifically outlines the global settlement of the federal immigration support case, with payments contingent upon "execution of either a consent judgment or voluntary dismissal of the Immigration case." *Id.* ¶ 22. The April Consent order further provides the agreement between the parties as to what will happen should any public or government agency seek reimbursement under any provision of the I-864. *Id.* ¶ 17.

The parties agree that they have settled the claims between them and that they are bound by the Consent Orders entered in state court. The only issue is whether this case should dismissed

3

with prejudice, as defendant argues is required in light of the Consent Orders, or without prejudice as plaintiff requests.

The Consent Orders entered by the parties are silent as to whether dismissal of this action will be with or without prejudice. Plaintiff and defendant were both represented by counsel when these Consent Orders were drafted and agreed to. Although ¶ 16 of the April Consent Order refers to permanent dismissal of this, the federal action, ¶ 22 requires only consent judgment or voluntary dismissal. Because of this ambiguity, the Court is disinclined to require that plaintiff accept a dismissal of this action without prejudice. *See Chappell v. Roth*, 353 N.C. 690, 692 (2001) ("given the consensual nature of any settlement, a court cannot compel compliance with terms not agreed upon or expressed by the parties in the settlement agreement.").

As stated above, the mere possibility of future litigation is not prejudice sufficient to prevent a plaintiff from receiving a dismissal without prejudice. Defendant has not demonstrated any other prejudice which would prevent the Court from granting plaintiff's motion to dismiss.

## CONCLUSION

Accordingly, plaintiff's motion for voluntary dismissal of this action without prejudice [DE 60] is GRANTED. Defendant's motion to enforce the settlement agreement [DE 62] is DENIED. This action is hereby DISMISSED without prejudice. The clerk is DIRECTED to close the file.

SO ORDERED, this 12 day of December 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE